USDS
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-28-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

VITALY BORKER,

                Defendant.

No. 10 Cr. 1266 (RJS)
MEMORANDUM AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Currently before the Court is Defendant's motion for, *inter alia*, dismissal of the Indictment or transfer of this case to the Eastern District of New York pursuant to Rule 21 of the Federal Rules of Criminal Procedure. For the following reasons, the Court dismisses Count One of the Indictment, without prejudice, and denies Defendant's motion for dismissal of the entire Indictment or transfer.

## I. MOTION TO DISMISS INDICTMENT

    The government has conceded that this District lacks venue over Count One of the Indictment (the Cyberstalking Count) because 18 U.S.C. § 2261A "requires that the perpetrator and the victim be situated in different states" (Gov't Opp'n at 23) and, while there is evidence that Defendant communicated to alleged victims in other states, these communications originated in the Eastern District of New York (*id.*). Defendant argues this count should be dismissed with prejudice (*see* Def. Reply at 3), but the Court sees no reason why the Government should not be allowed to present this count to a grand jury in the Eastern District. Accordingly, Count One is dismissed without prejudice. *See United States v. Motz*, 652 F. Supp. 2d 284, 296 (E.D.N.Y. 2009).

While Defendant makes a conclusory argument that this District lacks venue over all of the other counts as well, the government has made a more than adequate showing that venue is proper for the remaining counts of the Indictment at this stage. *See United States v. Ohle*, 678 F. Supp. 2d 215, 231 (S.D.N.Y. 2010). Accordingly, Defendant's motion to dismiss the Indictment in its entirety is denied without prejudice to renewal at the close of the government's case.

## II. MOTION TO TRANSFER

Defendant moves in the alternative to transfer this entire case to the Eastern District of New York. He contends that "because the Government has indicated that [it] intends to indict for Cyberstalking in the EDNY" (*see* Def. Mem. at 9), a failure to transfer the rest of the case would subject Defendant to prosecution in two different Districts on similar counts based on similar evidence (*id.*).

Rule 21 states that "[u]pon the defendant's motion, the court *may* transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed. R. Crim. P. 21(b) (emphasis added). "Disposition of a Rule 21(b) motion is vested in the sound discretion of the district court." *United States v. Maldonado-Rivera*, 922 F.2d 934, 966 (2d Cir. 1990). In considering a motion to transfer, a Court should consider the so-called *Platt* Factors: "(1) location of defendant; (2) location of potential witnesses; (3) location of events likely to be at issue; (4) location of relevant documents; (5) potential for disruption of defendant's business if transfer is denied; (6) expenses to be incurred by the parties; (7) location of counsel; (8) relative accessibility of the place of trial; (9) docket conditions in each district; and (10) any other special circumstances that might bear on transfer." *United States v. Brooks*, No. 08 Cr. 35 (PKL), 2008 WL 2944626, at *1 (S.D.N.Y. July 31, 2008) (citing *Platt v. Minn. Mining & Mfg. Co.*, 377 U.S.

240, 243-44 (1964)). "No one factor is dispositive and this Court must strike a balance to determine which factor is most important in its decision." *United States v. Conner*, No. 00 Cr. 731 (GBD), 2001 WL 114314, at *2 (S.D.N.Y. Feb. 9, 2001). "'[A]s a general rule a criminal prosecution should be retained in the original district.'" *Brooks*, 2008 WL 2944626, at *1 (quoting *United States v. U.S. Steel Corp.*, 233 F. Supp. 154, 157 (S.D.N.Y. 1964)).

Defendant does not address the *Platt* factors in his motion papers. In addition, as the Eastern District of New York and this District are adjacent, it is difficult to see how Defendant is inconvenienced by the trial being held here. At the same time, the alleged victims live in this District and the prosecutors are based here. Defendant instead focuses on a special circumstance – the fact that he may be prosecuted on similar charges in two different Districts. However, the government states that it "has not yet determined whether it will seek an indictment [of] the defendant on such a count in the Eastern District of New York, and, if so, when." (Gov't Opp'n at 24.) The Court will not transfer this case due to Defendant's fears of a hypothetical second prosecution. Moreover, while interests of judicial economy might in certain circumstances favor transfer, the Court has already devoted a fair amount of time to this case and set a trial date. Accordingly, the Court finds that transfer in this case would not be in the interests of justice and denies Defendant's motion.

### III. CONCLUSION

For the foregoing reasons, Count One of the Indictment is DISMISSED without prejudice, and Defendant's motion to dismiss the Indictment in its entirety or transfer this case to the Eastern District of New York is DENIED. Defendant's other motions remain *sub judice*.

IT IS HEREBY ORDERED THAT, on May 12, 2011 at 10:15 a.m., the Court shall hold a hearing on Defendant's motion to suppress evidence allegedly seized from Defendant's car. At

that time, the Court will also hear oral argument on Defendant's other motions. The scheduled May 13, 2011 conference is cancelled.

At the April 6, 2011 conference held in this case, the government indicated that it desired to seek a superseding indictment. IT IS FURTHER ORDERED THAT, by May 31, 2011, the government shall either file a superseding indictment or submit a letter to the Court stating that it no longer plans to do so.

SO ORDERED.

Dated:     April 28, 2011
           New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE