UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,           :

      -v.-                               :        S1 10 Cr. 1266 (RJS)

VITALY BORKER,                       :
    a/k/a "Tony Russo,"
    a/k/a "Stanley Bolds,"           :

        Defendant.                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM
## CONCERNING ACCEPTANCE OF RESPONSIBILITY

                                PREET BHARARA
                                United States Attorney
                                Southern District of New York

Of Counsel:
    E. Danya Perry
    Daniel W. Levy
    Assistant United States Attorney



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*

August 29, 2012

By ECF and Hand
The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 920
New York, New York  10007-1312

   Re: United States v. Borker
      S1 10 Cr. 1266 (RJS)

Dear Judge Sullivan:

  The Government respectfully submits this Supplemental Sentencing Memorandum in advance of the sentencing of defendant Vitaly Borker, a/k/a "Tony Russo," a/k/a "Stanley Bolds" (the "defendant"), currently scheduled for Thursday, September 6, 2012, at 3:00 p.m.  This supplemental letter addresses the defendant's Sentencing Memorandum, dated August 23, 2012 ("Def. 8/23/12 Sent. Memo").

  For the reasons set forth below, the Court should deny the defendant a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G § 3E1.1 because the defendant has failed to meet his burden of demonstrating that he has "clearly" accepted responsibility. The defendant has not "truthfully admitt[ed]" charged conduct and has "falsely denie[d], or frivolously contest[ed], relevant conduct that the court [has] determine[d] to be true" and, thereby, has acted in a manner inconsistent with acceptance of responsibility, U.S.S.G. § 3E1.1, comment. (n.1(a)).

### I. Factual and Procedural History

  In connection with the defendant's guilty plea, and although there plainly was a sufficient factual basis for accepting it, the defendant disputed various facts concerning the victims of Counts One and Two of the Information.  The facts that the defendant disputed were, in general, the allegations that the defendant had threatened those two specific victims with bodily harm, including sexual assault.  As he and his counsel articulated at the time, his disputes were stated as a general denial and a failure of recollection.  See 5/12/11 Tr. at 48, 52-56 (relevant pages attached hereto as Exh. A).

The Honorable Richard J. Sullivan
August 29, 2012
Page 2

      Given his very generally stated denial of certain aspects of his conduct, the Government did not initially contend that the defendant's statements at his guilty plea amounted to conduct inconsistent with acceptance of responsibility, and the Court indicated that it intended to credit the defendant with such acceptance. See 5/10/12 Tr. at 11-12 (relevant pages attached hereto as Exh. B).

      However, during that same May 2012 proceeding, the defendant raised his disputes to a new level.  In a colloquy with the Court concerning the number of violent threats the defendant had made, he "dispute[d] that he was threatening to rape people" and noted that he "ha[d]n't seen a word in writing corroborating allegations that Borker threatening people with rape." 5/10/12 Tr. at 32-33; id. (contending, with respect to allegation that defendant "told people he would rape them," "that didn't happen.  He disputes that.").  The same is true of the other allegations of assault.  He said, "[u]nderstand, for instance, if this guy is running around telling many repeated people that he's looking to rape them, disfigure them, shoot them -- I mean, it's an entirely different case.  But factually it didn't happen." Id. at 33; id. at 34 ("I definitely dispute that he ever said I'm going to kill you. . . . But I am absolutely disputing that he ever said that to anybody, I'm going to kill you, or I'm going put, quote, a cap in your ass."); id. at 35 ("But he did not threaten to take people's lives.  He did not -- ").

      Both the Court and the Government made clear that the defendant's dispute regarding a large number of victims, stated in a fashion that was far more pointed than at his guilty plea, called into question whether he had clearly accepted responsibility.  Id. at 40, 42, 44, 49.  The Court identified 25 victims who had received the most graphic physical threats and reputational threats, and requested testimony from members of this group. Id. at 42.

      Thereafter, the parties engaged in extensive efforts to narrow the facts that the defendant continued to dispute.  Ultimately, the defendant maintained, in general, that he had not threatened to kill any of the victims and, as a result, a factual hearing regarding his conduct was necessary. See Def. 8/23/12 Sent. Memo, Exh. 1 at 6-9; Def. 5/30/12 Ltr.

      At a hearing on July 11, 2012, the Government called four of the witnesses that the Court had identified on May 10, as well as Clarabelle Rodriguez, the victim of Count One of the Information. Each testified about threats of physical injury and/or sexual assault and each was cross-examined extensively, particularly Ms. Rodriguez, whose credibility was attacked rather strenuously.  At the conclusion of the hearing and in the context of revisiting the issue of the defendant's bail conditions, the Court characterized the testimony of the five victims who testified:

> THE COURT:  That's fine.  I want of course to revisit bail now.  Because bail pending sentencing requires a showing by clear and convincing evidence that an individual is not a risk of flight and not a danger to the community.

The Honorable Richard J. Sullivan
August 29, 2012
Page 3

<u>On May 20, Mr. Amorosa on behalf of Mr. Borker adamantly stated that the allegations that he told people he would rape them or told people explicitly he would kill them, Borker absolutely denies it.  And then when we went through individual statements from persons who had complained about threats made by Mr. Borker, there was an adamant denial for each of the ones I had referenced, which is what prompted the need for this hearing.</u>

I've now heard from five witnesses, each of whom testifies about explicit threats made by Mr. Borker, threats of murder, threats to kill the individual and the individual's family, and in some cases threats of rape.  <u>I found each of the witnesses to be highly credible.  I think it's not even a close call.</u>

<u>And that finding, of course, means that I find the denials of Mr. Borker to be highly not credible.</u>  And that undermines any showing that could be made about clear and convincing evidence of a lack of flight or a lack of danger to the community.

I think the description of what transpired, albeit some several years ago, is cause enough to be concern about danger to the community.  But, the fact is that Mr. Borker, by pressing what I think are false statements to the Court, suggests to me he is less likely -- I'm not persuaded by clear and convincing evidence that he is going to comply with his bail conditions.

He now also is facing charges in a different court proceeding on the child pornography charges.  I don't know what is going on with that, but I think there is potentially ample incentive for him to flee following the testimony that we've heard today.

So I am going to remand Mr. Borker pending sentencing.  So the marshals are here.  We ask that they come forward.  And then we can go forward with the hearing.

If you wish to have, Mr. Amorosa, that witness, Ms. Giambrone, is that her name?  I don't know her name.  Just submit a subpoena and I will sign it.  Because I do think if you wish to call such a witness, you should be able to do it.  But thus far, I have found all the witnesses to be highly credible.

MR. AMOROSA:  Judge, obviously I disagree with your findings, but indeed Giambrone -- I am not going to belabor the point, I believe like Rodriguez has lied here about these issues of rape.  And I would ask your Honor to at least postpone this remand order until you hear her testimony.

The Honorable Richard J. Sullivan
August 29, 2012
Page 4

> THE COURT:  Not a chance.  Not a chance.  <u>I just thought the entire line of cross was borderline insulting, but certainly there was nothing to undermine the credibility of these witnesses.  I can't imagine what motive they would have to make this up.  I didn't think there was anything in your cross that suggested a motive to do that.</u>  But in any event, my finding is made.  If you want to go to the court of appeals, you can hustle on up there and let them know.  For now I've got the marshals here and I will sign an order.

5/10/12 Tr. at 163-66 (emphasis added) (relevant pages attached hereto as Exh. C); <u>see</u> <u>id.</u> at 168 ("But based on what I heard today, I found them credible, and that finding compels the remand order that I just made.").

Finally, the parties obviated the need for a further hearing at which several more victims would have testified, including Martina Stout, the victim of Count Two of the Information, by agreeing to an extensive testimonial stipulation.  <u>See</u> Stipulation, dated August 26, 2012.  The stipulation set out that, if called, several more victims would have testified that each received threats of serious physical injury or sexual assault.  <u>See</u> Stipulation at ¶¶ 1(d), 2(b), 3(d), 4(c, e, g).

## II.     <u>Applicable Legal Principles</u>

It is a defendant's burden to demonstrate that he has "clearly" accepted responsibility and, thereby, become entitled to a downward adjustment pursuant to U.S.S.G. § 3E1.1.  <u>See</u> <u>United States v. Giwah</u>, 84 F.3d 109, 113 (2d Cir. 1996).

Although a defendant who pleads guilty prior to trial typically obtains a downward adjustment for acceptance of responsibility, he or she is not "entitled to an adjustment under [Section 3E1.1] as a matter of right." U.S.S.G. § 3E1.1, comment. (n.3); <u>see</u>, <u>e.g.</u>, <u>United States v. Hirsch</u>, 239 F.3d 221, 226 (2d Cir. 2001) ("Although a guilty plea is 'significant evidence' of acceptance of responsibility, it does not entitle the defendant 'to an adjustment . . . as a matter of right'; other 'conduct . . . that is inconsistent with . . . acceptance of responsibility' may outweigh a guilty plea.") (quoting U.S.S.G. § 3E1.1, comment. (n.3)).

Among other factors that a sentencing court should consider in determining whether a defendant has satisfied his or her burden of demonstrating an entitlement to an adjustment for acceptance of responsibility is whether the defendant has:

> truthfully admitt[ed] the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely den[ied] any additional relevant conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct).  Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct

The Honorable Richard J. Sullivan
August 29, 2012
Page 5

> beyond the offense of conviction in order to obtain a reduction under subsection (a).  A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection.  <u>However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility.</u>

U.S.S.G. § 3E1.1, comment. (n.1(a)) (emphasis added).

### III.   Discussion

The Government submits that the defendant has not "truthfully admitted charged conduct, and has falsely denied, or frivolously contested, relevant conduct that the Court has determined to be true."

Specifically, the defendant repeatedly denied that he threatened victims with physical violence, typically in the form of a threat to "kill" them or in the form of sexual assault.  Numerous victims provided statements that exactly this had happened and, in general, the defendant denied these allegations.  <u>See</u>, <u>e.g.</u>, Exh. B at 42.  He maintained his denials despite the great number of victims who said virtually the same things about the defendant's conduct and the fact there is absolutely no reason that these victims would make up these allegations and no way that they would have been able to collude, such that they could have all made up substantially similar stories about the defendant's threats.

At the factual hearing on July 11, the Government overwhelmingly proved that, indeed, these victims had been threatened with physical harm and/or sexual assault, and, after the hearing, there was little doubt about what had, in fact, happened during the defendant's interactions with his victims.  Exh. C at 163-66, 168.  As to the four victims who testified regarding the defendant's relevant conduct (Odette Rogers, Melissa Kross, Marlene Pedesclaux, and Sarah Lauch), the Court should find that he has falsely denied, or frivolously contested, the allegations concerning these victims.[1]

---

[1] The defendant seeks also to discredit the testimony to which he stipulated.  <u>See</u> Def. 8/23/12 Sent. Memo at 9-12.  He does so in the same manner that he did at the July 11 hearing, by contrasting what the witnesses' testimony would have been with their prior statements.  While there is no reason to believe that these witnesses would have been found less credible than the witnesses who did testify, the Court can base a denial of acceptance of responsibility on the defendant's falsely denying, or frivolously contesting, his conduct with respect to the five witnesses who did testify before the Court.

The Honorable Richard J. Sullivan
August 29, 2012
Page 6

      As to victim Clarabelle Rodriguez, who testified regarding the conduct charged in Count One of the Information, the defendant engaged in a "borderline insulting" cross-examination and, even to this day, contends that Rodriguez's allegations are "at the very least exaggerated" or "untrue," largely by rehashing his cross-examination of her.  See Def. 8/23/12 Sent. Memo at 5-9.  The Court, having now heard the victim's testimony, should reject the defendant's arguments and find that the defendant has not "truthfully admitt[ed] the conduct comprising" Count One of the Information.

**IV.**      **Conclusion**

      For the reasons set for the above, the Court should deny the defendant a 3-level downward adjustment for acceptance of responsibility.

      Given the Court's previous determination that the applicable offense level would be 20, assuming a 3-level reduction for acceptance of responsibility, see Exh. B at 11-12, the Court should now find that the defendant's applicable offense level is 23 and his applicable Sentencing Guidelines range is 46 to 57 months.

      Respectfully submitted,

      PREET BHARARA
      United States Attorney

      By: _____/s/_____
         E. Danya Perry/Daniel W. Levy
         Assistant United States Attorneys
         Telephone:  (212) 637-2434/1062

Attachment (Exh. A-C)

cc:    Dominic F. Amorosa, Esq. (by ECF)

## CERTIFICATE OF SERVICE

I, E. Danya Perry, declare under penalty of perjury that:

1. I am an Assistant United States Attorney for the Southern District of New York.

2. On August 29, 2012, I caused a true and correct copy of the foregoing GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM CONCERNING ACCEPTANCE OF RESPONSIBILITY, together with the exhibits thereto, to be served by Clerk's Office Notice of Electronic Filing upon the following attorney:

> Dominic F. Amorosa, Esq.
> Counsel for Defendant Vitaly Borker

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  August 29, 2012
        New York, New York

\_\_\_/s/_____
E. Danya Perry
Assistant United States Attorney
Telephone:  (212) 637-2434